UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TCHEFUNCTA CLUB ESTATES, INC. | * | CIVIL ACTION NO: 2:10-cv-01637 |
| Plaintiff | * | |
| | * | SECTION:  I |
| VERSUS | * | |
| | * | JUDGE: |
| UNITED STATES ARMY CORPS OF | * | |
| ENGINEERS | * | |
| | * | |
| Defendant | * | MAGISTRATE:  4 |

* * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S SURREPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY FEES
AND LITIGATION COSTS PURSUANT TO 5 U.S.C. § 552 (a)(4)(E)**

********************************************************************

**MAY IT PLEASE THE COURT:**

Now comes plaintiff, Tchefuncta Club Estates, Inc., who presents the following sur-reply to defendant's reply to its application for fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), as follows.

Defendant contends plaintiff is unable to show that defendant released the requested information as a result of the pending complaint; however, because USACE did not have a right to withhold the information in the first instance, its' act of unilaterally disclosing same later under the guise that what it once deemed proprietary is no longer proprietary, would suggest a casual connection between plaintiff's suit and defendant's re-characterization of the material and subsequent production.

Defendant's explanation of why the material was proprietary in the first instance addresses the requested "needs analysis" portion of the permit file(s) only, and it is threadbare. Defendant contends the "needs analysis" "holds trade secrets of each applicant – particularly, the material discusses the business plan of each applicant and why, the particularly plot of land was being pursued," and defendant rationalizes its' position stating: "Any release of the requested material

prior to approval of any requested permit could adversely affect each applicant in their particular area of business." Rec. Doc. 32 at page 4 of 8.

Were there other permit applications pending for this same plot of land? How exactly does a "needs analysis" hold "trade secrets" which after a permit is granted are no longer trade secrets? The only adverse affect that could have occurred if USACE had released the requested information timely, would be that stemming from the possible subsequent revelation that said needs' analysis was based on stale, erroneous and/or incomplete information, and thus improperly considered in the permitting process and possibly affecting the outcome of same.

Simply put, plaintiff is not convinced of defendant's "proprietary information" defense and believes that only as a result of this suit has the USACE changed its position as shown by the re-characterization of said documents as no longer proprietary and the subsequent production.

Plaintiff also notes that defendant has only addressed its reasons for withholding and later producing the "needs analysis" but not any other part of the permit application, which was also subsequently turned over after plaintiff filed the instant action, showing further support that plaintiff has substantially prevailed, even under the jurisprudential standard set forth by the District of Columbia court, requiring a causal nexus between the lawsuit and the agency's surrender of information.

In summary, plaintiff agues the permit application, including the needs analysis, were public information when submitted, when processed and when issued, and that defendant wrongfully withheld same on its own volition or under erroneous instructions from the applicant. The mere act of granting the permit cannot possibly change what was formerly private information into now public information. The whole purpose of FOIA is to allow the public to obtain information affecting public matters, of which River Club and Maurmont Properties' respective proposed development

qualifies. In this case, not only is there a unilateral change in the agency's position, but it comes suspiciously after Maurmont's permit was granted, thus making the information less valuable to plaintiff because it is untimely.

USACE has made the bold contention that plaintiff dismissed its complaint after receiving the Maurmont material but before receiving the River Club material so it could be considered to have "substantially prevailed" in connection with the instant application for attorney's fees and costs. The reason plaintiff dismissed the action after receiving the Maurmont materials and before receiving the River Club materials is because River Club withdrew its permit application, mooting the need for plaintiff, an abutting property owner, to perform a critical analysis of the contents therein. Perhaps River Club withdrew its application because of plaintiff's FOIA suit? Food for thought.

Defendant cites *Brayton v. Office of the U. S. Trade Rep.*, 657 F.Supp2d 138 (D.D.C. 2009), for the idea that an award of attorney's fees is inappropriate in the instant matter because somehow an exemption utilized to withhold documents associated with ongoing sensitive international negotiations is analogous to withholding documents while a permit application is being considered. Such position, however, is untenable for it is an established principal in business and the law that in order for full efficacy, negotiations of sensitive agreements must be kept private. It does not follow, however, that a one-sided permit process whereby the government sets the rules and the applicant attempts utilization of same, that there should be closed-door/case sensitive documents/discussions, which only after acted upon become "public."

Thus while in *Brayton*, the court found defendant had a sound legal basis for withholding the documents and that legal fees and costs were therefore inappropriate, no such finding would be appropriate in the instant matter for the reasons set forth above – information either is a trade secret

or is not a trade secret, and the granting of a permit does not change the inherent characteristics of the materials. Moreover, defendant has not even attempted to give a full explanation as to the exact information that was a trade secret and now is not a trade secret, instead it just summarily states "it could adversely affect each applicant in their particular area of business," thus it has failed to prove that it did not unilaterally re-characterize the materials and produce same as a result of this lawsuit. Finally, defendant has not even addressed *why*, prior to the granting of the permit, it did not redact the alleged "trade secrets" and produce the remaining parts of the permit file to plaintiff in accordance with 5. U.S.C. § 552(b)1. Defendant's failure to produce even these redacted portions of the file until after the instant suit was filed is yet further evidence that the USACE lacked a sound legal basis for withholding the information under the guise that same was "proprietary" for only a point in time.

**ENTITLEMENT TO FEES/COSTS**

Defendant goes on to attack plaintiff's *entitlement* to attorney's fees, but the facts of this case are clear that such entitlement exists. Utilizing the four factors set forth in *State of Texas v. Interstate Commerce* Commission, 935 F.2d 728, 730 (U.S. App. 5th. Cir, 1991), plaintiff responds to defendant's assertion as follows.

(1) The benefit to the public derived from this case is multifold: by obtaining Maurmont's permit application, including the needs analysis, plaintiff is now in a better position to scrutinize Marumont's later phases of development which are clearly on the horizon. Such scrutiny concerns issues of watershed protection, which have a direct impact on Murmont's abutting neighbor,

---

1 "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made."

Tchefuncta Club Estates, in addition to wetland designation, and also the effect of such development on the property values of Tchefuncta Club Estates. (2) The commercial benefit to the complainant concerns the ability for Tchefuncta to determine the affect of Maurmont's now permitted development, in addition to future phases of development, on the quality of the watershed - a commercial feature to "residential life" in Tchefuncta Club Estates, and how same affects the property values in Tchefuncta Club Estates. (3) The nature of plaintiff's interest in the records sought is clear – plaintiff was attempting to obtain the information timely to determine whether or not it was utilizing accurate and current information in its attempts to convince defendant that a development permit was proper in this instance. Plaintiff, as abutting land owner of a large private residential development complete with nature trails, watering holes, etc., had and continues to have a direct interest in obtaining the requested materials because it is proper and prudent to know what is happening "up-stream." Moreover, if and when Maurmont pursues additional contemplated phases to its development, Tchefuncta will be better informed/able to address preservation of the watershed issues, etc. by offering meaningful input into the permitting process, if necessary, to correct misinformation and/or offer additional relevant information. (4) As discussed at length in plaintiff's original application for fees and costs as well as herein, plaintiff does not believe the USACE's basis for withholding the materials which it later re-characterized and produced was reasonable. Either the materials did or did not contain business trade secrets, and no agency action can alter same.

**CONCLUSION**

In conclusion, Defendant's rationalization for the post-permit re-characterization and production of public documents is an obvious fiction. Plaintiff, having obtained most of what it asked for in the Maurmont file (after dismissing request for River Club file because River Club withdrew its application) subsequent to filing suit and as a result of USACE unilateral re-

characterization of the materials, has substantially prevailed making it eligible for fees and costs. Furthermore, because the facts of this case and plaintiff's assertions support the criteria set forth in *Blue v. Bureau of Prisons,* 570 F.2d 529 (5th Cir. 1978) for entitlement to fees and costs, plaintiff's instant application for attorney's fees and costs should be granted.

WHEREFORE, for the above additional reasons, plaintiff's application for attorney's fees and costs should be granted, and plaintiff additionally requests any and all other relief deemed by this Honorable Court as proper, lawful and/or just.

Respectfully submitted:

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr. (La. Bar No. 18627)
1978 N. Highway 190 – Suite B
Covington, Louisiana 70422-5158
paul@paullea.com
Telephone: (985) 292-2200
Facsimile: (985) 875-7461
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 28th day of April 2011, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Paul A. Lea, Jr.
Paul A. Lea, Jr.