UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TCHEFUNCTA CLUB ESTATES** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1637** |
| **UNITED STATES ARMY CORPS OF ENGINEERS** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] for award of attorney fees and litigation costs filed by plaintiff, Tchefuncta Club Estates ("Tchefuncta"). Defendant, United States Army Corps of Engineers (the "USACE"), opposes[2] the motion. For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

This case arises out of two requests issued by plaintiff to the USACE on March 10, 2010, pursuant to the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA").[3] Plaintiff's FOIA requests sought documents concerning the applications for permits filed by two separate entities, River Club and Maurmont Properties ("Maurmont"). Specifically, plaintiff sought what is referred to as a "needs analysis" for each application.[4]

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 32.
[3] R. Doc. No. 1.
[4] R. Doc. No. 1.

1

The USACE located the responsive documents for each request, but the USACE determined that the material fell within FOIA Exemption 4.[5] The USACE contacted River Club and Maurmont to describe plaintiff's FOIA requests and both applicants objected to release of the material: the applicants claimed that the material contained trade secrets and/or proprietary confidential information.[6] After administratively appealing the USACE's denial of the FOIA requests, plaintiff filed its complaint in this case.[7]

Subsequently, the permit applied for by Maurmont was approved and issued to the applicant.[8] Upon issuing the permit to Maurmont, the application, including the needs analysis, became public record.[9] The USACE then released the Maurmont material, including the needs analysis section, to plaintiff with certain portions redacted pursuant to FOIA Exemption 6.[10] The USACE has also turned over the River Club application. However, to date, the needs analysis section of the River Club application remains redacted as USACE continues to invoke FOIA Exemption 4.[11] Plaintiff now moves for an award of attorney fees and litigation costs arguing that it has substantially prevailed in this captioned proceeding as a result of a voluntary and unilateral change in position by defendant.

*LAW & ANALYSIS*

FOIA provides that government agencies "shall make available to the public" certain information upon a proper request. 5 U.S.C. § 552(a)(1). Under FOIA, the Court may assess "reasonable attorney's fees and other litigation costs reasonably incurred in any case … in which

---

[5] R. Doc. No. 25-2, p.2.
[6] Id.
[7] R. Doc. No. 1, p.4.
[8] R. Doc. No. 25-3, p.3.
[9] Id.
[10] Id.
[11] Id.

the complainant has substantially prevailed." Brayton v. Office of U.S. Trade Representative, 657 F.Supp.2d 138, 141 (D.D.C. 2009). A prevailing party must demonstrate both eligibility and entitlement for an award of attorney's fees. Id.

In order to be "eligible" for an award of attorney's fees, the claimant must have "substantially prevailed" in the underlying FOIA litigation. Id. A party substantially prevails if he "has obtained relief through either … a judicial order, or an enforceable written agreement or consent decree[,] or … a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." Id.; 5 U.S.C. § 552(a)(4)(E)(ii).

Second, the Court must determine whether the plaintiff is "entitled" to an award of attorney's fees and costs. In deciding whether a claimant is entitled to an award, the Court considers four factors: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." State of Texas v. I.C.C., 935 F.2d 728, 730 (5th Cir. 1991); see also Weisberg v. U.S., 745 F.2d 1476, 1498 (D.C. Cir. 1984). Although the entitlement analysis typically involves the balancing of four factors, a party is not entitled to fees if the government's legal basis for withholding requested records is correct. Chesapeake Bay Found., Inc. v. U.S. Dep't of Agric., 11 F.3d 211, 216 (D.C. Cir. 1993).

In this case, plaintiff has failed to demonstrate a "change in position" by the USACE. The fact that plaintiff received some of its requested documents following a change in circumstances does not evidence a change in position by the agency. From the outset, the USACE has maintained that pursuant to FOIA Exemption 4, prior to the issuance of a permit, it will not release the needs analysis sections which, according to the applicants' objections,

contain trade secrets and/or proprietary confidential information. The USACE has further maintained that upon the issuing of a permit, the application, including the needs analysis section, becomes a public record and FOIA Exemption 4 becomes moot.

The USACE followed this procedure with respect to the Maurmont application: the requested material was withheld pursuant to FOIA Exemption 4 until a permit had been issued, at which point the material was disclosed as a public record.[12] Furthermore, the USACE continues to follow this procedure with respect to the River Club application: the requested material was withheld pursuant to FOIA Exemption 4 and it has not been disclosed because a permit has not been issued.[13] Since plaintiff is unable to show a change in position by the agency, plaintiff is not eligible for an award of attorney's fees.[14]

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for an award of attorney fees and litigation costs is **DENIED.**

New Orleans, Louisiana, May 24, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[12] R. Doc. No. 25-3, p.2.
[13] Id.
[14] Since the Court finds that plaintiff is ineligible for an award of attorney's fees, the Court does not address whether plaintiff is entitled to an award of attorney's fees.